NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUBEN MANUEL BERMUDEZ, *Appellant.*

No. 1 CA-CR 13-0679
FILED 09-25-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-123155-001 DT
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist, III
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

D O W N I E, Judge:

¶1          Ruben Manuel Bermudez appeals his robbery conviction. He contends the trial court erred by denying his request for a *Willits* instruction.[1]  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          B.P. was walking home one evening when Bermudez approached and asked to use his cell phone.  B.P. agreed, dialed a number provided by Bermudez, and handed his phone to Bermudez.  Bermudez attempted several different calls, but none went through.  After a final failed call attempt, Bermudez punched B.P. in the face and ran away with B.P.'s phone.

¶3          B.P., whose lip was swollen and whose nose was bleeding profusely, flagged down a police car.  He provided a description of his assailant and of his cell phone — a slim, black touchscreen phone made by Huewai with Cricket cellular service — which was broadcast to police units in the area.  Shortly thereafter, an officer detained Bermudez roughly a half mile away.  A cell phone was found in Bermudez' pocket that matched B.P.'s description.  Though Bermudez claimed he owned the phone, it rang when officers dialed a number that B.P. had provided.

¶4          The officers took B.P. to Bermudez' location, where B.P. identified Bermudez as his assailant.  B.P. also identified the phone as his and gave officers a four-digit PIN that they used to unlock the phone.  The officers then returned the phone to B.P. and took Bermudez into custody.

¶5          Bermudez was charged with one count of robbery, a class 4 felony.    The State alleged aggravating circumstances and prior convictions.  At trial, Bermudez requested a *Willits* instruction.  Bermudez argued that because he put ownership of the cell phone at issue by

[1]      *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964).

claiming it belonged to him, the police erred by returning the phone to B.P. on the night of the incident. He further argued that the failure to preserve potentially exculpatory evidence caused him prejudice. The trial court declined to give a *Willits* instruction.

¶6 The jury found Bermudez guilty of robbery and found one aggravating factor. The trial court determined that Bermudez had three prior felony convictions and sentenced him to ten years in prison, with 498 days of presentence incarceration credit; he was also ordered to pay $52.00 in restitution.

¶7 Bermudez timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8 We review the trial court's refusal to give a *Willits* instruction for an abuse of discretion. *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 62, 975 P.2d 75, 93 (1999). A *Willits* instruction is appropriate if the defendant proves that "(1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 8, 329 P.3d 1049, 1052 (2014). "A trial court does not abuse its discretion by denying a request for a *Willits* instruction when a defendant fails to establish that the lost evidence would have had a tendency to exonerate him." *Fulminante*, 193 Ariz. at 503, ¶ 62, 975 P.2d at 93. The defendant need not establish that the evidence would certainly exonerate him, but he must do more than "simply speculate about how the evidence might have been helpful." *See Glissendorf*, 235 Ariz. at 150, ¶¶ 9-10, 329 P.3d at 1052.

¶9 Neither in the trial court nor on appeal has Bermudez clearly articulated how the cell phone's presence would have had a tendency to exonerate him or how its absence at trial prejudiced him. As the State correctly observes, the trial evidence established that the phone in Bermudez' possession matched B.P.'s detailed description; the phone unlocked with a passcode B.P. provided; and the phone rang when a number B.P. gave police was dialed. Bermudez has never explained how having the phone at trial would have assisted his defense or asserted that he could identify characteristics of the phone that only an owner would know. Under these circumstances, the trial court did not abuse its discretion by declining to give a *Willits* instruction. *See, e.g., State v. Speer,*

221 Ariz. 449, 457, ¶ 41, 212 P.3d 787, 795 (2009) (observing that defendant did not demonstrate how missing evidence might have exonerated him or mitigated his participation in the crime); *State v. Smith*, 158 Ariz. 222, 227, 762 P.2d 509, 514 (1988) (noting there was "nothing except speculation" to suggest that license plate number of get-away vehicle, written on missing piece of paper, was not the defendant's); *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) (holding no abuse of discretion in denying *Willits* instruction where defendant "presented no evidence to support his assertion that had the [destroyed] videotape been presented to the jury, he would have been acquitted . . . because the tape would have proven his mistaken identity defense").

## CONCLUSION

¶10        For the reasons stated, we affirm Bermudez' conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh